UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DR. AJAY D. GOHIL, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:08-CV-223 |
| | ) |
| EDWARD ROSE OF INDIANA, L.P., | ) |
| d/b/a Liberty Mills Apartments, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Defendant removed this case to this Court from the Allen County, Indiana, Superior Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 4.) The Notice of Removal alleges "[u]pon information and belief" that Plaintiff Dr. Ajay D. Gohil is a citizen of the state of Indiana. (Notice of Removal ¶ 3.) It also explains that Defendant Edward Rose of Indiana, L.P., is "incorrectly identified as the owner of the Liberty Mills Apartments" and that the actual owner is Occidental Development, L.L.C. ("Occidental"). (Notice of Removal ¶ 1, n.1.) The Notice of Removal then alleges that Occidental "is now and was at the time of the filing of the Complaint, a corporation organized and existing under the laws of the state of Michigan with its principal place of business located in the state of Michigan." (Notice of Removal ¶ 4.) It further explains, "Occidental is a limited liability company with the management and ownership of that entity domiciled in the states of Michigan, California, and Maryland." (Notice of Removal ¶ 4, n.3.) Occidental's Notice of Removal, however, is inadequate.

The "residency" of each party is meaningless for purposes of diversity jurisdiction, as

"citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). In this instance, Occidental did not properly allege its own citizenship as an L.L.C., or the citizenship of the Plaintiff, Dr. Gohil.

As to Dr. Gohil, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Although Occidental set forth that Dr. Gohil is a citizen of Indiana, it did so "upon information and belief" (Notice of Removal ¶ 3), and "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only *personal knowledge*." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc.*, 980 F.2d at 1074) (emphasis added); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152. Consequently, Occidental has improperly alleged Dr.

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

Gohil's citizenship on information and belief instead of on personal knowledge.

As to Occidental, a limited liability company's citizenship "for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of Occidental to ensure that none of its members share a common citizenship with Dr. Gohil. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Occidental who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Defendant Occidental Development, L.L.C., is ORDERED to supplement the record forthwith as to the citizenship of each party, tracing the citizenship of any unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 1st day of October, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge